### Case No. 9,775.

#### MOORE v. SHIELDS.

[2 Cranch, C. C. 529.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

REPLEVIN—ACTION ON BOND—BREACH OF CONDITION—RETURN ELOIGNED.

In order to support an action upon a replevin-bond, it is not necessary that the defendant in replevin who has recovered judgment against the plaintiff in replevin for damages and costs, should obtain a writ of retorno habendo returned "eloigned;" but the non-payment of the damages found by the jury, is a breach of the condition of the bond upon which an action may be maintained.

Debt on a replevin-bond. The breach alleged, was the non-payment of the damages and costs found by the verdict of the jury in the trial of the action of replevin, for the defendant in replevin against the plaintiff in replevin. The defendant, who was a surety in the replevin-bond, pleaded in substance, that the plaintiff in replevin was always, after the judgment of the court in that action, ready to return the replevied property, and still is ready to return it. To this plea there was a general demurrer and joinder. The condition of the bond was to prosecute the writ of replevin with effect; to return the goods replevied, if a return thereof should be adjudged by the

1 [Reported by Hon. William Cranch, Chief Judge.]

court, and to pay all such costs, charges, and damages as may be adjudged by the court to be sustained by occasion of replevying the said goods; and in all things well and truly to observe and perform the judgment of the said court upon the premises.

Mr. Ashton, for defendant, contended that no action could be maintained upon the bond until a writ of retorno habendo should have been issued and returned "eloigned." But in the action of replevin the defendant in replevin did not obtain a judgment for a return.

THE COURT (nem. con.) adjudged the plea to be bad, and rendered judgment upon the demurrer, for the plaintiff, for the penalty of the bond and damages, to be released on the payment of the damages found for the defendant in replevin in that action and the costs of the replevin, and the costs of the present action upon the bond.

---

MOORE (SHULTS v.). See Case No. 12,824.

MOORE (SHULTZ v.). See Case No. 12,825.

MOORE (STARR v.). See Case No. 13,315.

MOORE (SUMNER v.). See Case No. 13,-610.